IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **FRED STRAUSS,**<br><br>Plaintiff,<br>v.<br><br>**JPMORGAN CHASE BANK, N.A.**<br><br>Defendant. | Civil No.<br><br>**CIVIL ACTION COMPLAINT and DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff, Fred Strauss, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") against Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase") for knowingly and intentionally procuring his credit report despite having no permissible purpose for accessing such reports.

2. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

3. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

4. Defendant regularly conducts business within the state of California and violated Plaintiff's rights under the FCRA in the state of California as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Fred Strauss ("Plaintiff") is a resident of Orange County Florida and is a

"consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Chase is a national bank with its headquarters located at 270 Park Avenue, New York, New York 10017.

## FACTUAL ALLEGATIONS

8. On or about December 24, 2022, Plaintiff viewed his Experian credit report and noticed two hard inquiries from Defendant Chase. One in October of 2022 and one in November of 2022.

9. During that time at issue, Plaintiff never authorized Defendant Chase to pull his credit report.

10. Plaintiff contacted Chase via telephone and was informed by one of its representatives that they would remove the hard inquiries.

11. Unfortunately, those inquiries remained on his credit report.

12. The unauthorized credit pull on the Plaintiff's credit report harmed and damaged the Plaintiff, by lowering his credit score, as well as by causing him embarrassment, shame, anger, frustration, and emotional distress.

13. The Defendant had no permissible purpose for procuring the Plaintiff's credit reports or for viewing the Plaintiff's private, personal and confidential information.

14. As the result of its violations of the FCRA, Defendant is liable to Plaintiff for statutory, actual and punitive damages, as well as attorneys' fees and costs.

15. As a result of Defendant's conduct, Plaintiff has suffered concrete injuries. In addition to having his privacy invaded, Plaintiff has had his personal identifying and account-related information unnecessarily disseminated to the Defendant.

16. Defendant, at all times relevant hereto, was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## COUNT I
### 15 U.S.C. § 1681b(a)

20. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

21. Defendant is a "person" as defined by sections 1681a(b) of the FCRA.

22. Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

23. The above-mentioned report is a "consumer report" as defined by section 1681a(d) of the FCRA.

24. Section 1681b(f) of the FCRA provides as follows:

A person shall not use or obtain a consumer report for any purpose unless—

> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

> (2) the purpose is certified in accordance with section with section 1681e of this title by a prospective user of the report through a general or specific certification.

25. Section 1681b(a)(3) of the FCRA provides a list of permissible purposes:

> (a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> ...
>
> (3) To a person which it has reason to believe—
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;
> ...
> (F) otherwise has a legitimate business need for the information—

        (i) in connection with a business transaction that is initiated by the consumer; or
        (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

26. As detailed above, Defendant obtained the Plaintiff's Transunion credit report on February 11, 2022 without any permissible purpose for obtaining that credit report.

27. Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully and negligently violating section 1681b(f) by obtaining a consumer report without a permissible purpose.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. That judgment be entered in favor of the Plaintiff against Defendant for statutory damages, actual damages and punitive damages for violation of 15 U.S.C. § 1681b(a), pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

B. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

C. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated: April 20, 2023

                              */s/ Joseph Kanee*
                              Joseph H. Kanee, Esq.
                              MARCUS & ZELMAN, LLC
                              701 Brickell Ave, Suite 1550
                              Miami, Florida 33131

(786) 369-1122 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*